| | |
|---|---|
| **KOLLER LAW LLC**<br>David M. Koller, Esq. (037082002)<br>Sarah R. Lavelle, Esq. (027632004)<br>2043 Locust Street, Suite 1B<br>Philadelphia, PA 19103<br>T: (215) 545-8917<br>F: (215) 575-0826<br>davidk@kollerlawfirm.com<br>slavelle@kollerlawfirm.com | *Counsel for Plaintiff* |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **HESTER ARMSTRONG**<br>**953 Madison Avenue, Apartment 2E**<br>**Elizabeth, NJ 07201**<br>        Plaintiff,<br><br>            v.<br><br>**SGS NORTH AMERICA, INC. d/b/a**<br>**HARRISON RESEARCH LABS, INC.,**<br>**2497 Vauxhall Road**<br>**Union, NJ 07083**<br><br>**291 Fairfield Avenue**<br>**Fairfield, NJ 07004**<br>        Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | <br><br><br>**Civil Action No.**<br><br>**Complaint and Jury Demand** |

## **AMENDED COMPLAINT**

Plaintiff, Hester Armstrong (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against SGS North America, Inc. d/b/a Harrison Research Labs, Inc. (hereinafter "Defendant"), for violations of the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act of 1990, as amended ("ADA"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the New Jersey Law Against Discrimination ("NJLAD") and the Family and Medical Leave Act of 1993, as amended ("FMLA"). In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff is an adult individual residing at the above captioned address.

2. Upon information and belief, Defendant is an inspection, verification, testing and certification company with a location at 2497 Vauxhall Road, Union, NJ 07083 and with a corporate headquarters located at 291 Fairfield Avenue, Fairfield, NJ 07004.

3. Defendant is an entity engaged in an industry or activity affecting commerce which employs 50 or more employees in all of its offices for each working day during each of 20 or more calendar workweek in the current or preceding year.

4. At all times material hereto, Plaintiff was employed by Defendant for at least twelve hundred and fifty (1,250) hours of service during the twelve-month period prior to requiring leave.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

6. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus

satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Plaintiff exhausted her administrative remedies under the ADEA, the ADA, Title VII and the NJLAD.

12. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging age, disability and race discrimination against Defendant.

13. The Complaint was assigned a Charge Number 524-2019-01854 and was dual filed with the Pennsylvania Human Relations Commission.

14. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated March 4, 2020. Plaintiff received the Notice by mail.

15. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

16. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

17. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

18. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

19. Plaintiff was born on October 22, 1965.

20. Plaintiff is African-American.

21. In 1998, Harrison Research Labs hired Plaintiff in the position of Laboratory Technician.

22. Plaintiff was well qualified for her position and performed well.

23. In or around 2004, Phil DeMarco (Caucasian), Assistant Supervisor, harassed Plaintiff at work.

24. Plaintiff believes that since the way she was treated caused her stress, that increased her risk for a heart attack.

25. Plaintiff complained to Dr. Harrison (Caucasian), Sunscreen Department Manager, multiple times about Mr. DeMarco's harassment due to her race.

26. However, Dr. Harrison did not address Plaintiff's complaints.

27. Plaintiff was required to have a defibrillator implanted in order to treat her heart attack.

28. As a result, Plaintiff was required to have check-ups with her cardiologist, Dr. Jeffrey M. Gold, every three (3) months to ensure her defibrillator and heart were functioning properly.

29. In or around 2016, Defendant acquired Harrison Research Labs, and as a result Plaintiff became an employee of Defendant.

30. Defendant was well aware of Plaintiff's serious health condition and her medical need to attend doctor's appointments every three (3) months.

31. However, Defendant did not offer or notify Plaintiff that she was eligible for Intermittent Family and Medical Leave Act ("FMLA") leave.

32. On April 8, 2019, Plaintiff missed work to attend an appointment with Dr. Gold regarding her follow-up treatment from her 2007 heart attack.

33. On April 9, 2019, Plaintiff returned to work at Defendant.

34. The next day on April 10, 2019, Dr. Karen Rauren, Sunscreen Department Manager, and Glynis Porter, Assistant Supervisor, sent Plaintiff home because she was severely ill.

35. Plaintiff was later diagnosed by bronchitis and was too sick to report to work until April 15, 2019.

36. On April 15, 2019, the day that Plaintiff returned to work, she was called into the office to meet with Dr. Rauren, Michael Jascaur (Caucasian), Operations Manager, and Debra Harrison, Vice President.

37. They informed Plaintiff that she was terminated due to a complaint from a subject.

38. However, they refused to provide Plaintiff with any details regarding the alleged complaint.

39. Previously in March 2019, Plaintiff received a positive performance review.

40. Upon information and belief, Sue DaRazzio (Caucasian, non-disabled), Supervisor, and Carla Figueroa (Caucasian, non-disabled), Lab Technician, had subjects complain about them, but they were not terminated for it.

41. In addition, upon information and belief, Defendant replaced Plaintiff with a Caucasian employee in his/her 20's.

42. It is Plaintiff's position that she was discriminated against due to her age, disability and race in violation of the ADEA, the ADA and Title VII.

## COUNT I - AGE DISCRIMINATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

43. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

44. Plaintiff was born on October 22, 1965.

45. Plaintiff was qualified to perform the job for which she was hired.

46. Plaintiff suffered adverse job actions, including, but not limited to termination.

47. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

48. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

49. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

50. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT II – AGE DISCRIMINATION
## NEW JERSEY LAW AGAINST DISCRIMINATION

51. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

52. Plaintiff was born on October 22, 1965.

53. Plaintiff was qualified to perform the job for which she was hired.

54. Plaintiff suffered adverse job actions, including, but not limited to termination.

55. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

56. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

57. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

58. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT III – DISABILITY DISCRIMINATION
### AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

59. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

60. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Plaintiff and its agents as being disabled.

61. Plaintiff was qualified to perform the job.

62. Plaintiff was subject to an adverse employment action, including, but not limited to, termination.

63. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse

employment action.

64. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

65. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

66. The purported reason for Defendant's decision is pretextual.

67. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

68. As a result of Defendant's unlawful disability discrimination, Plaintiff suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT IV – DISABILITY DISCRIMINATION
### NEW JERSEY LAW AGAINST DISCRIMINATION

69. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

70. Plaintiff is a "qualified individual with a disability" as that term is defined under the NJLAD because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Plaintiff and its agents as being disabled.

71. Plaintiff was qualified to perform the job.

72. Plaintiff was subject to an adverse employment action, including, but not limited to, termination.

73. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

74. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

75. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

76. The purported reason for Defendant's decision is pretextual.

77. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

78. As a result of Defendant's unlawful disability discrimination, Plaintiff suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT V – RACE DISCRIMINATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

79. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

80. Plaintiff is a member of protected classes in that she is African-American.

81. Plaintiff was qualified to perform the job for which she was hired.

82. Plaintiff suffered adverse job actions, including, but not limited to termination.

83. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

84. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

85. Defendant discriminated against Plaintiff on the basis of race.

86. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

87. The reasons cited by Defendant for the above adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this

Complaint, *infra*.

## COUNT VI – RACE DISCRIMINATION
## NEW JERSEY LAW AGAINST DISCRIMINATION

88. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

89. Plaintiff is a member of protected classes in that she is African-American.

90. Plaintiff was qualified to perform the job for which she was hired.

91. Plaintiff suffered adverse job actions, including, but not limited to termination.

92. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

93. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

94. Defendant discriminated against Plaintiff on the basis of race.

95. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

96. The reasons cited by Defendant for the above adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VII – INTERFERENCE
## FAMILY MEDICAL LEAVE ACT OF 1993, AS AMENDED

97. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

98. The FMLA declares it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" any right provided by the FMLA. 29 U.S.C. 2615(a)(1).

99. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA leave to care for her own serious health condition.

100. Defendant acted in bad faith by interfering with Plaintiff's rights under the FMLA.

101. Defendant knowingly, intentionally, willfully and/or recklessly acted in disregard of the duty to grant Plaintiff's FMLA-related request for leave.

102. Defendant's aforementioned actions violate 29 U.S.C. § 2615(a)(1) of the Family and Medical Leave Act in that the employer cannot "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" any right provided by the FMLA. 29 U.S.C. 2615(a)(1).

103. As a direct and proximate result of Defendant's unlawful interference with Plaintiff's rights under the FMLA, Plaintiff has been deprived of economic and non-economic benefits including, but not limited to lost wages, pain and suffering, mental anguish, humiliation, loss of fringe benefits, disruption of his personal life and loss of enjoyment of the ordinary pleasures of life.

104. Plaintiff demands judgment in his favor against Defendant for all available equitable relief including, but not limited to: unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

105. Plaintiff further demands judgment in her favor against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under § 2617(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against

Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the Family and Medical Leave Act of 1993.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Hester Armstrong, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADEA, the ADA, the NJLAD and the FMLA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law,

equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## **JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

## **CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: June 3, 2020          **By:**     **/s/ David M. Koller**
David M. Koller, Esquire
Sarah R. Lavelle, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

*Counsel for Plaintiff*